UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ALVIN RAY COOPER, et al.,

    Plaintiffs,

v.

                              No. 5:24-CV-278-H-BV

REON RAISSEZ, et al.,

    Defendants.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge Amanda 'Amy' R. Burch made Findings,

Conclusions, and a Recommendation (FCR) on February 4, 2025. *See* Dkt. No. 13. Judge

Burch recommended that the Court deny the plaintiffs' motion for a preliminary injunction

and temporary restraining order (TRO). *Id.* at 5. The plaintiffs timely filed a response and

objections to the FCR. Dkt. No. 14.

The plaintiffs object to Judge Burch's finding that the plaintiffs have not "provided

notice of their request for injunctive relief to the opposing parties" or complied with the

exception to the notice requirement under Federal Rule of Civil Procedure 65(b)(1). Dkt.

Nos. 13 at 3; 14 at 3. The plaintiffs also object to Judge Burch's finding that the plaintiffs

have "not pleaded facts showing [Saint Francis Ministries] is a state actor such that it may

be liable under § 1983." Dkt. Nos. 13 at 4; 14 at 1. The Court can discern no other specific

objections in the plaintiffs' response to the FCR (Dkt. No. 14).

For the reasons stated below, the Court overrules the plaintiffs' objections and

accepts and adopts the FCR (Dkt. No. 13). The plaintiffs' motion for a preliminary

injunction or TRO (Dkt. No. 8) is denied without prejudice.

## 1.    Factual and Procedural Background

In July 2024, pro se plaintiff Alvin Ray Cooper was arrested by Floydada police for possession of marijuana, resisting arrest, and assaulting his wife—fellow pro se plaintiff Amy Marie Hernandez-Cooper. Dkt. No. 2 at 2. Mr. Cooper and Mrs. Hernandez-Cooper share two minor daughters, who were in Mr. Cooper's care due to Mrs. Hernandez-Cooper's drug relapse. *Id.* The Texas Department of Family and Protective Services (DFPS) opened a case, and a state judge ordered the daughters temporarily removed from Mr. Cooper's custody. *Id.* The plaintiffs seem to have had several disagreements with DFPS and DFPS contractor Saint Francis Ministries about safety plans, visitation, counseling, and overall custody regarding their daughters. *See generally* Dkt. Nos. 7; 8; 14.

In December 2024, the plaintiffs sued the defendants in federal court and subsequently moved for a TRO. *See* Dkt. Nos. 2; 7; 8. The plaintiffs contend that DFPS violated court orders related to visitation and is seeking psychological counseling for their daughters against the plaintiffs' wishes. Dkt. Nos. 7 at 7; 8 at 7–8. The plaintiffs ask the Court to order DFPS and Saint Francis Ministries to immediately return the children to the plaintiffs' custody. Dkt. No. 8 at 6. Judge Burch recommended that the Court deny the plaintiffs' motion, Dkt. No. 13, and the plaintiffs responded with objections, Dkt. No. 14.

## 2.    Legal Standards

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The Court reviews uncontested portions of the FCR only for plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other*

2

*grounds*, 28 U.S.C. § 636(b)(1); *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 502 (5th Cir. 2020).

Therefore, in this case, the Court reviews de novo: (1) whether the plaintiffs complied with the notice requirements of Rule 65, and (2) whether the plaintiffs have pled facts sufficient to show that Saint Francis Ministries is a state actor subject to liability under Section 1983.

## 3.   Analysis

The Court overrules both objections, and it finds no plain error in the uncontested portions of the FCR.  Therefore, the Court adopts the FCR in its entirety.

### A.   The Court overrules the plaintiffs' objections to the FCR.

The Court overrules both objections and adopts the FCR as written.

First, the plaintiffs appear to object to the FCR's finding that the "record does not reflect that [they] have provided notice of their request for injunctive relief to the opposing parties" under Rule 65.  Dkt. No. 13 at 3.  Specifically, the plaintiffs contend that they "ha[ve] made every attempt to comply with Fed. R. Civil P. 65(b)(1)" and that they have attached several documents to their response and objections to the FCR (Dkt. No .14) "that clearly show[] in laymen terms the Plaintiffs factual attempt to comply with" Rule 65(b)(1). Dkt. No. 14 at 3.

Rule 65 states that a "court may issue a preliminary injunction only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  A court may issue a TRO without notice "only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be

3

heard in opposition [and] the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Here, the Court agrees with the Magistrate Judge's finding that nothing in the record shows that the plaintiffs have provided notice to the defendants under Rule 65(a)(1). The plaintiffs appear to object that they have attempted to comply with Rule 65(b)(1)(B) by explaining their "efforts made to give notice and the reasons why it should not be required." Dkt. No. 14 at 3. The plaintiffs point the Court to Attachments A, B, C, D, E, F, G, and H to their response and objections to the FCR (Dkt. No. 14). These attachments include approximately 50 pages of DFPS and court records, a newsletter article, emails, and retyped text messages allegedly between the plaintiffs and DFPS employees. *See id.* at 5–55. But most of these documents predate the plaintiffs' motion (Dkt. No. 8) by many months, and none of them relate to notifying any party associated with the defendants of the plaintiffs' intent to seek a TRO. These attachments in no way show "efforts made to give notice" of the TRO. Fed. R. Civ. P. 65(b)(1)(B). Neither do they provide any "reasons why [notice] should not be required." *Id.* And, even if they did, Rule 65(b)(1) also requires the plaintiffs to show that irreparable injury will result before the adverse party can be heard in opposition to the TRO. The plaintiffs' attachments also fail to make this showing.

Therefore, the Court agrees with the FCR that the plaintiffs' motion for a preliminary injunction or TRO should be denied for failure to comply with the notice requirements of Rule 65. The Court overrules the objection and adopts the FCR on this point.

Second, the plaintiffs appear to object to the FCR's finding that they have not pled sufficient facts to show that Saint Francis Ministries is a state actor subject to Section 1983.

4

Dkt. No. 14 at 1. The plaintiffs state in their response that Saint Francis Ministries was "acting under of color of State and Federal Law." *Id.* The plaintiffs also include the following quote from an unknown source: "The court finds that pursuant to Texas Family Code Chapter 264, Subchapter B-1, employees of Saint Francis Community Services . . . act as authorized agents of [DFPS] and have the same authority as [DFPS] caseworker[s] regarding case management duties and associated responsibilities." *Id.* (all caps removed).

To state a cause of action under Section 1983, a plaintiff "must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). For a private person or organization, the plaintiff must allege that there was "an agreement between the private and public defendants to commit an illegal act" and that there was "a deprivation of constitutional rights." *Id.* "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Id.*

Here, the plaintiffs' threadbare assertion that Saint Francis Ministries was "acting under of color of State and Federal Law" is merely conclusory and does not suffice. The plaintiffs cite no specific facts, cases, or authority in their response. And the Court agrees with the FCR that the plaintiffs likewise do not sufficiently plead facts as to Saint Francis Ministries in their complaint.

Therefore, the Court agrees with the FCR that the plaintiffs "have not pleaded facts showing [Saint Francis Ministries] is a state actor such that it may be liable under § 1983." Dkt. No. 13 at 4. The Court overrules the objection and adopts the FCR on this point as well.

5

### B.   The Court finds no plain error in the uncontested portions of the FCR.

Although the plaintiffs state many other facts and grievances in their response (Dkt. No. 14), the Court can find no other discernable, specific objections to the FCR.  Upon review of the record and unobjected-to portions of the FCR, the Court finds no plain error and adopts the FCR as written.

### 4.   Conclusion

Having reviewed the objected-to portions of the FCR de novo, the Court finds that the plaintiffs have failed to comply with Rule 65's notice requirements and to plead sufficient facts to show that Saint Francis Ministries is a state actor under Section 1983. Therefore, the Court overrules the objections.  Having also reviewed the record and the remainder of the FCR, the Court finds no plain error.  The Court, therefore, adopts the FCR (Dkt. No. 13) in its entirety.  The plaintiff's motion for a preliminary injunction or TRO (Dkt. No. 8) is denied without prejudice.

So ordered on May **15**, 2025.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE