IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ALVIN RAY COOPER and<br>AMY MARIE HERNANDEZ-COOPER,<br><br>Plaintiffs,<br><br>v.<br><br>REON RAISSEZ, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ No. 5:24-CV-278-H-BV |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiffs Alvin Ray Cooper and Amy Marie Hernandez-Cooper move for "protection" from Defendants' alleged retaliation. Dkt. No. 17. Plaintiffs complain about the impoundment of their vehicle, but the precise relief they seek is unclear. *Id.* The Court liberally construes Plaintiffs' filing as one seeking a preliminary injunction and temporary restraining order (TRO). After considering Plaintiffs' pleadings and applicable law, the undersigned recommends that the United States District Judge **DENY** the motion without prejudice to their right to request injunctive relief in the future should circumstances change.[1]

**1.    Legal Standard**

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121

---

[1] Plaintiffs have not consented to proceed before a magistrate judge. In accordance with 28 U.S.C. § 636(b), the undersigned enters these findings, conclusions, and recommendation (FCR).

(5th Cir. 1976). Courts should not grant injunctive relief "routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction or TRO, a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;

2. A substantial threat of irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue"); *Bar J-B Co. v. Tex. Dep't of Transp.*, No. 3:18-cv-0576-M, 2018 WL 2971138, at *1 (N.D. Tex. Mar. 13, 2018) (explaining that a movant must establish the elements of a preliminary injunction to obtain a TRO because "[a] TRO is a highly accelerated and temporary form of preliminary injunctive relief" (internal quotation marks and citation omitted)).

**2.    Analysis**

First, Plaintiffs have not shown that they provided notice of their request for injunctive relief to the opposing parties. Under Rule 65, a preliminary injunction can

2

issue only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Plaintiffs' failure to show that they provided notice means their motion could be denied for this reason alone.[2] *See King v. TDCJ*, No. 3:15-CV-1365-N-BH, 2016 WL 8671926, at *1 (N.D. Tex. Jan. 8, 2016) (recommending denial of plaintiff's request for preliminary injunction because he had not satisfied the notice requirement of Rule 65(a)).

Turning to the substance of their request, Plaintiffs seek relief based on new, discrete events. In their amended complaint, Plaintiffs contend that in July 2024, Floydada Police Department Officer Reon Raissez, Floyd County Sheriff's Department Deputy Saenz, and an unknown female deputy arrested Alvin Cooper without probable cause, and Child Protective Services opened an investigation as a result. Dkt. Nos. 7, 18. They further assert that the Texas Department of Family and Protective Services and Saint Francis Ministries violated a family court order, resulting in Plaintiffs not being able to visit their children at Christmas. *Id.* In their motion for protection, however, Plaintiffs complain about events that occurred after the filing of this action—i.e., another arrest and impoundment of a vehicle, which Plaintiffs allege was retaliatory. Dkt. No. 17 (stating that in April 2025, a deputy with the Floyd County Sheriff's Office stopped Alvin Cooper's vehicle and unlawfully arrested him and impounded the vehicle).

---

[2] Under Fed. R. Civ. P. 65(b)(1), the Court may issue a TRO without notice to the adverse party, but only where: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the movant "certifies in writing any effort made to give notice and the reasons why it should not be required." Plaintiffs have not satisfied either element. Thus, their TRO request should also be denied. *See Liccardi v. Smith*, No. 3:21-CV-0314-E (BH), 2021 WL 1649056, at *1 (N.D. Tex. Apr. 9, 2021) (recommending denial of plaintiff's motion for TRO based in part on her failure to satisfy Rule 65(b)'s requirements), *R. & R. adopted by* 2021 WL 1626503 (N.D. Tex. Apr. 27, 2021).

3

Plaintiffs cannot demonstrate a likelihood of success on the merits based on these new events. Plaintiffs' motion is not verified, so they have failed to satisfy their burden of producing adequate evidence, through affidavit or other means, that establishes a substantial likelihood of success on the merits. Dkt. No. 17; *see* Fed. R. Civ. P. 65(b). Moreover, Plaintiffs attempt to raise factually and legally distinct claims based on recent, discrete incidents. *See* Dkt. No. 17. As a result, their new claims are not properly before the Court in the present action. Plaintiffs' new allegations, i.e., events that occurred *after* the filing of their complaint, are distinct from their pending claims in this action and would be more properly considered in a separate § 1983 action.

In any event, the *Younger* abstention doctrine may require the Court to refrain from considering Plaintiffs' allegations. *See Younger v. Harris*, 401 U.S. 37, 43–47 (1971) (holding that federal courts may not stay or enjoin pending state court proceedings except under special circumstances). On the minimal unverified facts alleged, the Court cannot yet determine whether it has subject-matter jurisdiction over the claim. If *Younger* applies, however, "a federal action requesting an injunction, whether preliminary or permanent, that falls squarely within the *Younger* abstention doctrine has no likelihood of success on the merits." *King v. Shannon*, No. 3:17-cv-2922-K-BN, 2017 WL 6044091, at *3 (N.D. Tex. Oct. 25, 2017) (internal quotation marks, brackets, and citation omitted), *R. & R. adopted by* 2017 WL 6033892 (N.D. Tex. Dec. 5, 2017).

Aside from these concerns, Plaintiffs have not shown irreparable injury. "[A]n injury is irreparable only if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (internal

4

quotation marks and citation omitted); *accord Broyles v. Texas*, 618 F. Supp. 2d 661, 681 (S.D. Tex. 2009) ("An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard."), *aff'd*, 381 F. App'x 370 (5th Cir. 2010). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of an injunction, are not enough." *Dennis Melancon*, 703 F.3d at 279 (brackets and citation omitted). Plaintiffs' contentions that the impoundment of their vehicle has caused monetary harm and prohibits their ability "to seek reasonable employment" allege injuries that can be remedied with monetary relief. Thus, Plaintiffs have not shown irreparable injury.

Finally, Plaintiffs have not adequately demonstrated that their purported harm outweighs, or is more significant than, the harm Defendants may suffer through implementation of an injunction. Defendants would be injured by enjoining or interfering with state proceedings related to the impoundment of Plaintiffs' vehicle.

### 3. Recommendation

For these reasons, the undersigned recommends that the United States District Judge deny Plaintiffs' request for injunctive relief. Dkt. No. 17.

### 4. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion,

or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: September 19, 2025.

_____
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE