UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ALVIN RAY COOPER, et al.,

    Plaintiffs,

v.                                             No. 5:24-CV-278-H

REON RAISSEZ, et al.,

    Defendants.

## ORDER

The United States Magistrate Judge Amanda 'Amy' R. Burch made Findings, Conclusions, and a Recommendation (FCR) on September 19, 2025, recommending that the Court deny the plaintiffs' motion for a protective order (Dkt. No. 17), construed as a motion for a preliminary injunction and temporary restraining order (TRO). Dkt. No. 20. The Court adopted the FCR on October 7, 2025. Dkt. No. 21. The Court received the plaintiffs' objections to the FCR two days later, which appear to have been mailed on October 6. *See* Dkt. No. 22 at 8. The Court acknowledges these objections as timely. *See* Fed. R. Civ. P. 6(d). But because the plaintiffs' three objections are insufficiently specific to trigger de novo review, the Court overrules the objections and adopts the FCR for the reasons stated in its previous order (Dkt. No. 21).

The plaintiffs' first objection asserts without explanation that they have shown a likelihood of success on the merits. Dkt. No. 20 at 2. But the Court need not consider such conclusory objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). The plaintiffs' second objection, Dkt. No. 22 at 2–3, is insufficiently specific because it fails to "identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citation omitted). And their third objection states that they "do[] not know how to abide by or comply with [Federal Rule of Civil Procedure] 65" and thus their "noncompliance . . . is not intentional." Dkt. No. 22 at 3. This is an understandable explanation from pro se plaintiffs, but it is merely that—an explanation, not an objection.

Having failed to trigger de novo review, the plaintiffs' objections are overruled for the reasons stated in the previous order. Dkt. No. 21. The Court, finding no plain error in the FCR, accepts and adopts the FCR. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). The plaintiffs' motion for a protective order, construed as a motion for a preliminary injunction and TRO (Dkt. No. 17), is therefore denied without prejudice.

So ordered on October 28, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE