UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ALVIN RAY COOPER, et al.,

Plaintiffs,

v. No. 5:24-CV-278-H

REON RAISSEZ, et al.,

Defendants.

**ORDER**

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that this case be dismissed with prejudice under 28 U.S.C. § 1915(e). Dkt. No. 27. The FCR put the plaintiffs "on notice of the deficiencies in their pleadings" and gave the plaintiffs "an opportunity to cure [the deficiencies] by filing a motion to amend." *Id.* at 20. The plaintiffs timely objected (Dkt. No. 29) and moved for leave to file their second amended complaint (Dkt. No. 28). The Magistrate Judge then issued a second FCR that the plaintiffs' motion for leave to amend be denied. Dkt. No. 36.

The plaintiffs filed three objections to the first FCR. Dkt. No. 29. Their first objection asserts that the first FCR "states incorrectly the fact [that] Floyd County dismissed" certain charges. *Id.* at 2. Second, they generally "object[] to the dismissal of DFPS and Saint Francis." *Id.* at 4. Finally, the plaintiffs state that the FCR in liberally construing the pleadings "incorrectly concluded . . . that the [p]laintiffs [were] asserting" a malicious prosecution claim. *Id.* at 8. Because the Court need not consider frivolous, conclusive, or general objections, the three objections are overruled. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

The plaintiffs filed four objections to the second FCR. Dkt. No. 39. The first objection states that the second FCR "incorrectly assumes" that the documents attached to the plaintiffs' proposed second amended complaint contradict certain assertions made therein. *Id.* at 1. There is no contradiction, the plaintiffs argue, because the defendants "lied in their reporting that a family member . . . told the [d]efendants that he witnessed [Cooper] assault his wife." *Id.* at 2 (emphasis omitted). But noting a contradiction is entirely different from making a credibility determination. Thus, the plaintiffs appear to object not to the second FCR itself, but rather to certain implications they read into the second FCR. And in any case, the plaintiffs do not explain how this purportedly incorrect assumption bears on the futility of their proposed second amended complaint.

The second objection asserts that the Magistrate Judge "failed to construe liberally" the plaintiffs' "claims for relief." *Id.* at 6. But in making this objection, the plaintiffs merely rehash arguments already considered in this litigation.

The third objection likewise attempts to rehash the applicability of sovereign immunity in this case, which has already been considered and rejected earlier in this litigation. *See* Dkt. Nos. 13; 14; 16.

Finally, the fourth objection states that the second FCR "incorrectly and unjustly concluded" that Cooper assaulted his wife. Dkt. No. 39 at 10. Again, the plaintiffs fail to demonstrate that the FCR made this conclusion in the first instance—much less how such a conclusion led the Magistrate Judge to commit a legal error. *See* Dkt. No. 36 at 9 ("Cooper must plead facts showing that the officers lacked probable cause to arrest him on *all* charges." (emphasis added)).

Once again, the Court need not consider frivolous, conclusive, or general objections, and thus the four objections to the second FCR are overruled. *See Battle*, 834 F.2d at 421.

Accordingly, the Court reviews the Magistrate Judge's first and second FCRs only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). Finding none, the Court accepts and adopts the first and second FCRs (Dkt. Nos. 27; 36) in full. The plaintiffs' claims against the defendants are dismissed with prejudice, and the plaintiffs' motion for leave to file a second amended complaint (Dkt. No. 28) is denied as futile.

So ordered on August 28, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE